SAMUEL I. WHITTAKER *vs.* BOSTON AND MAINE RAILROAD.

An open and travelled street in a city, though not so laid out and established by the municipal authorities as to make the city responsible for damages occasioned by defects therein, is a "travelled place," within the meaning of *St.* 1849, *c.* 222, § 2; and a railroad corporation are bound to maintain a sign-board, and the other precautions required by statute at railroad crossings, at the place where it crosses their road.

ACTION OF TORT to recover damages for injuries to the plaintiff by the defendants' locomotive engine while crossing the track of their railroad in the city of Lawrence.

At the trial in the court of common pleas, before *Mellen*, C. J., there was evidence of these facts: The injuries were received by the plaintiff in October 1854, while he was crossing the railroad on a plank crossing between the turnpike and a way known as Water Street, which in 1846 was a cart way over which people occasionally passed from a ferry to the turnpike, but which was not proved to have been ever graded or repaired by the authorities of Lawrence, or by any other public authority; and the greater part of the travel from the ferry to the turnpike passed by another road. At the time of the accident, there were dwelling-houses and a saw-mill on Water Street, and persons were accustomed to pass over the plank crossing. In August 1854 the public authorities of Lawrence caused sign boards to be put up about eighty feet from the end of Water Street, towards the turnpike, with this notice in large letters on them: " Public are cautioned not to use this private street, as it is dangerous."

The plaintiff admitted that Water Street was not a turnpike or highway, but contended that it was " a public way or travelled place, where the defendants were bound to erect sign posts and use all the other securities and precautions prescribed in the Rev. Sts. *c.* 39, and the acts in addition thereto, when approaching this crossing with their locomotive engines."

The defendants asked the court to instruct the jury as follows: " 1. That, upon the evidence in this case, the defendants

Whittaker *v.* Boston and Maine Railroad.

are not bound to maintain a sign post at this crossing, and to exercise the precautions prescribed by law at crossings over turnpikes, highways and town ways.   2. That the plaintiff, upon the evidence, was upon the railroad at a point where he had no right to be, as against the corporation, and so was not entitled to recover.   3. That the words 'travelled place' in *St.* 1849, *c.* 222, apply only to legally authorized ways, and not to private ways or ways not under the control of the public au thorities.   4. That this being a private street, which the authori- ties had cautioned the public against using, because it was dangerous ; if the plaintiff chose to travel thereon, he did so at his own risk.   5. That the care required of the plaintiff is such as is required of a man travelling upon a way known to be dan- gerous, and more than would be required of a man passing an ordinary highway in good repair."

The court declined to give to the jury any of the above in- structions except the last one ; but did instruct the jury " that if Water Street, where the plaintiff was at the time he was injured, was an open and travelled street in Lawrence, though the said street was not so laid out and established that the city of Lawrence would be responsible for damages occasioned by defects therein, yet said street would be a travelled way, within the meaning of the *St.* of 1849, *c.* 222, § 2, and the defendants would be bound to maintain a sign post at this crossing, and to use and exercise there all the other securities and precautions prescribed by the Rev. Sts. *c.* 39."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. P. Judd,* for the defendants, cited 3 Dane Ab. 242 ; Rev. Sts. *c.* 24, §§ 1, 66 ; *c.* 39, §§ 69, 71, 78–81 ; *Sts.* 1842, *c.* 22 ; 1846, *c.* 203 ; 1786, *c.* 67, §§ 1, 4 ; 1849, *c.* 222, § 2 ; *Hobbs* v *Lowell,* 19 Pick. 415 ; *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 341 *Roxbury* v. *Boston & Providence Railroad,* 6 Cush. 433 ; *St.* 1853, *c.* 414, § 4 ; *Jackson* v. *Rutland & Burlington Railroad* 25 Verm. 159.

*B. F. Butler,* for the plaintiff.

DEWEY, J.   The ruling of the court was correct, that if Water

Street, at the time of the injury to the plaintiff, was an open and travelled street in Lawrence, though not so laid out and established that the city would be responsible for damages occasioned by defects therein, yet it would be a travelled way, within the meaning of the *St.* of 1849, *c.* 222, § 2, and the defendants would be bound to maintain a sign post at their crossing, and to adopt the precautions prescribed by law at crossings over highways and town ways, as directed by the Rev. Sts. *c.* 39. The case was one to which such instructions were properly adapted, and the exceptions taken thereto must be overruled.